IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER AMAEFULE<br><br>Plaintiff,<br><br>v.<br><br>EXXONMOBIL OIL CORPORATION<br><br>Defendant. | Civil Action No.: 1:06-cv-02087-RWR |

**DEFENDANT EXXONMOBIL OIL CORPORATION'S ANSWER TO
PLAINTIFF PETER AMAEFULE'S VERIFIED COMPLAINT**

Defendant ExxonMobil Oil Corporation ("ExxonMobil") hereby submits its answer to the Verified Complaint ("complaint") of plaintiff Peter Amaefule ("plaintiff"). Unless specifically admitted below, ExxonMobil denies each and every allegation in the complaint.

### Jurisdiction and Venue

1. ExxonMobil admits that plaintiff purports to bring his case under the Petroleum Marketing Practices Act ("PMPA") (15 U.S.C. §§ 2801-2805), but denies that any act or omission of ExxonMobil is in violation of that statute or that this action is properly based on alleged violations of that statute. ExxonMobil also admits that the PMPA invests jurisdiction in United States District Courts to determine claims under that statute, but denies that any act or omission of ExxonMobil has been or is in violation of the PMPA or that this action is properly based on alleged violations of the PMPA.

2. ExxonMobil admits that venue is proper in the United States District Court for the District of Columbia.

3. ExxonMobil admits that plaintiff operates a PMPA retail motor fuel franchise and automotive repair facility at 4650 South Capitol Street, S.E., Washington, D.C. ExxonMobil

admits that plaintiff sells some snack food items at his location but denies that plaintiff operates a "convenience store." ExxonMobil is without information sufficient to admit or deny the remaining allegations in paragraph 3 of plaintiff's complaint.

4. ExxonMobil admits that its principal place of business is in Fairfax, Virginia but denies that it is a New Jersey corporation. ExxonMobil is a New York corporation. ExxonMobil further admits that it is an international refiner and marketer of petroleum products and that it markets its motor fuel products in the District of Columbia by contracting with independent franchise dealers, who enter multi-year franchise agreements with ExxonMobil under which they purchase Exxon-branded motor fuel from ExxonMobil for resale to the motoring public under the Exxon trademark. ExxonMobil further admits that many franchise dealers in the District of Columbia (including plaintiff) lease their service station facilities from ExxonMobil. ExxonMobil further admits that plaintiff is an Exxon franchise dealer who operates a PMPA motor fuel franchise at 4650 South Capitol Street, S.E. in Washington, D.C. ExxonMobil denies each and every remaining allegation in paragraph 4 of plaintiff's complaint.

5. ExxonMobil admits that its association with plaintiff began in 1990 and that plaintiff is an Exxon franchise dealer who operates a PMPA motor fuel franchise at 4650 South Capitol Street, S.E. in Washington, D.C. Exxon Mobil further admits that it has entered into several PMPA franchise agreements with plaintiff since 1990 and that these agreements created a petroleum marketing franchise and franchise relationship between ExxonMobil and plaintiff, the termination or non-renewal of which was governed by the PMPA. ExxonMobil further admits that pursuant to the current PMPA franchise agreement, plaintiff purchased Exxon-branded motor fuel from ExxonMobil for resale to the motor public under the Exxon trademark. ExxonMobil is without information sufficient to admit or deny the remaining allegations in paragraph 5 of plaintiff's complaint.

6. ExxonMobil admits that Exhibit A to plaintiff's complaint is a copy of the operative PMPA Franchise Agreement between ExxonMobil and plaintiff. ExxonMobil further

DM_US\8421667.v4

admits that the term of that agreement was April 1, 2006 to March 31, 2009. ExxonMobil further admits that the PMPA governs the termination or non-renewal of that agreement.

7. ExxonMobil admits that Exhibit B to plaintiff's complaint is a copy of the Termination Notice, dated November 20, 2006, that ExxonMobil sent to plaintiff by certified mail (return receipt requested) and that plaintiff accurately quotes portions of that Notice.

8. ExxonMobil incorporates by reference the answers set forth in paragraphs 1-7 as if fully set forth herein.

9. ExxonMobil admits the allegations in paragraph 9 of plaintiff's complaint.

10. ExxonMobil admits that it is a "franchisor," as that term is defined by the PMPA, 15 U.S.C. § 2801(3). ExxonMobil further admits that plaintiff is a "franchisee," as that term is defined by the PMPA, 15 U.S.C. § 2801(4).

11. With respect to paragraph 11, ExxonMobil denies each and every allegation in the prefatory sentence of paragraph 11 of plaintiff's complaint, and

    a. ExxonMobil denies each and every allegation in paragraph 11(a) of plaintiff's complaint.

    b. ExxonMobil denies each and every allegation in paragraph 11(b) of plaintiff's complaint.

    c. ExxonMobil denies each and every allegation in paragraph 11(c) of plaintiff's complaint.

    d. ExxonMobil denies each and every allegation in paragraph 11(d) of plaintiff's complaint.

    e. ExxonMobil denies each and every allegation in paragraph 11(e) of plaintiff's complaint.

12. ExxonMobil denies each and every allegation in paragraph 12 of plaintiff's complaint.

13. ExxonMobil denies that plaintiff will suffer irreparable harm if ExxonMobil terminates his franchise and franchise relationship with ExxonMobil. ExxonMobil is without

information sufficient to admit or deny the remaining allegations in paragraph 13 of plaintiff's complaint.

    14.    ExxonMobil denies each and every allegation in paragraph 14 of plaintiff's complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of estoppel, waiver and unclean hands.

### Third Affirmative Defense

ExxonMobil's conduct and actions were lawful, reasonable and proper, and were taken with complete business justification.

### Fourth Affirmative Defense

The claim and request for relief is barred by the express terms of the PMPA Franchise Agreement, Lease and other supplemental agreements between ExxonMobil and plaintiff.

    WHEREFORE, having fully answered, ExxonMobil states that plaintiff is not entitled to the relief prayed for in its complaint or any other relief, and that the complaint should be dismissed with prejudice, with costs and reasonable attorney's fees awarded to ExxonMobil.

Dated: January 9, 2007                              Respectfully submitted,

                                                                         s/Brian A. Howie
                                          Brian A. Howie
                                          Bar No.: 459329
                                          HOWREY LLP
                                          1299 Pennsylvania Ave., N.W.
                                          Washington, D.C.  20004
                                          Telephone:  (202) 783-0800
                                          Facsimile:  (202) 383-6610

                                          **Attorney for Defendant ExxonMobil Oil Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

>Peter C. Ibe
>1717 K St., N.W., Suite 600
>Washington, D.C. 20036
>
>Victor Mba-Jonas
>8020 New Hampshire Ave., Suite 130
>Adelphi, MD 20783

>>s/Brian A. Howie
>>BRIAN A. HOWIE