**UNITED STATES DISTRICT COURT**
                        **FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PETER AMAEFULE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2087 (RWR) |
| ) | |
| **EXXONMOBIL OIL CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On May 15, 2009, the parties filed a joint stipulation to dismiss this action with prejudice under an agreement reached between them.  An order was issued that same day dismissing this case with prejudice and vacating the preliminary injunction issued on December 13, 2006.  The parties also seek an order vacating the oral rulings issued on December 13, 2006 in connection with the preliminary injunction and on March 6, 2009 on the parties' summary judgment motions such that the rulings could not be cited as precedent and would carry no precedential value.

"[V]acatur must be decreed for those judgments whose review is . . . prevented through happenstance -- that is to say, where a controversy presented for review has become moot due to circumstances unattributable to any of the parties" or due to "unilateral action of the party who prevailed[.]"  U.S. Bancorp

-2-

Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23, 25 (1994) (internal quotation marks omitted); see Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 634 (D.C. Cir. 2002).  On the other hand, "mootness by reason of settlement does not justify vacatur" absent "exceptional circumstances."  Bancorp, 513 U.S. at 29 (holding that "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal . . . , thereby surrendering his claim to the equitable remedy of vacatur"); see In re United States, 927 F.2d 626, 628 (D.C. Cir. 1991) (discouraging vacatur where the parties moot a case through settlement even if "the prevailing party joins the losing party in moving for vacatur").  Bancorp instructs that "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'"  513 U.S. at 27 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).  The D.C. Circuit has similarly cautioned that

> [w]hen a clash between genuine adversaries produces a precedent, . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement.  The precedent, a public act of a public official, is not the parties' property.

-3-

In re United States, 927 F.2d at 628 (quoting In re Mem'l Hosp. of Iowa County, Inc., 862 F.2d 1299, 1302 (7th Cir. 1988)); see also Okla. Radio Assocs. v. FDIC, 3 F.3d 1436, 1437-45 (10th Cir. 1993) (collecting cases and declining vacatur in part because the reasoning of its earlier opinion might "be helpful to other courts to the extent that it is persuasive").

The parties argue that "vacatur is necessary to uphold this District's longstanding policy of encouraging the amicable termination of litigation." (Joint Mem. at 2 (internal quotation omitted).) They cite to no precedent, though, establishing any longstanding practice in this District of encouraging settlement by vacating court decisions.[1]  Indeed, a court encourages settlement by ruling on parties' dispositive motions so that parties know where they stand when they engage in settlement discussions about surviving claims.  Similarly, a court encourages settlement by making available its reasoning for litigants in similar actions to rely upon when assessing whether settlement is the preferable resolution to a dispute. Nevertheless, neither party has demonstrated any exceptional circumstances justifying deviating from longstanding policy in

---

[1] The sole example cited, 1992 Republican Senate-House Dinner Committee v. Carolina's Pride Seafood, Inc., 158 F.R.D. 223 (D.D.C. 1994), does not a longstanding practice make.  That court did choose in its discretion "to reward the parties for settlement," id. at 224, by vacating its prior opinion notwithstanding the D.C. Circuit precedent it cited disfavoring such action.  This court declines to follow that example.

-4-

this circuit against vacatur following settlement. Nor have the parties argued that the previous rulings in this action were erroneous. Having expended the time and effort to resolve the parties' motions and create precedent which may be of value to other courts and litigants, this court finds no basis for vacating the previous rulings in this action. Accordingly, it is hereby

ORDERED that the parties' joint request for an order vacating the oral rulings issued on December 13, 2006 and March 6, 2009 such that the rulings may not be cited as precedent and may carry no precedential value be, and hereby is, DENIED.

SIGNED this 30th day of June, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge